```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JASPER CONTRACTORS, INC.
A/A/O ANDREW J. CHASE AND
CHERYL H. CHASE,

    Plaintiff,

v.                         Case No:  2:19-cv-536-FtM-29NPM

PROGRESSIVE PROPERTY
INSURANCE COMPANY,

    Defendant.

_____

**<u>ORDER</u>**

    This matter comes before the Court on plaintiff's Motion to Remand (Doc. #11) filed on August 9, 2019. Defendant filed a Response (Doc. #16) on August 23, 2019. For the reasons set forth below, the case will be remanded.

    On July 31, 2019, after service of process, defendant filed a Notice of Removal (Doc. #1) based on the presence of a diversity of citizenship between the parties and 28 U.S.C. § 1332.[1] Plaintiff is an Indiana corporation with its principal place of business in Georgia, and defendant is a Florida corporation with its principal place of business in Florida. (<u>Id.</u>, ¶¶ 5, 8.) Plaintiff seeks a remand because defendant is a citizen of the forum State of Florida, and therefore could not remove the case

---

[1] The amount in controversy is not an issue.

under 28 U.S.C. § 1441.  Plaintiff seeks costs, expenses, and fees for the removal.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "The forum-defendant rule clearly contemplates Plaintiff's ability to defeat Defendants' purported right of removal in this case."  Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014).  If service of process on a forum defendant has been executed before removal is attempted, as in this case, removal by said forum defendant is barred.  Id.  Defendant argues that removal was proper, that the forum-defendant rule is a procedural defect and not a jurisdictional defect, and that plaintiff has waived the right to remand by engaging in post-removal discovery.  Removal with a forum-defendant "does not render that defect meaningless; rather, the defect is *waivable*."  Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998).

Plaintiff timely filed the request for a remand within 30 days of the removal, and no substantive discovery has occurred.  Under the Court's Related Case Order and Track Two Notice, the parties are advised:  "Except as authorized by Rule 26(d) of the Federal Rules of Civil Procedure, no party may seek discovery from

any source before the case management meeting, unless otherwise ordered by the Court." *See* Fed. R. Civ. P. 26 (d); M.D. Fla. R. 3.05(c)(2)(B)." (Doc. #8, p. 2.) Merely engaging in initial discovery post-removal when no stay is in place does not mean that plaintiff waived the right to timely seek a remand. See Pacheco, at 1381 n.15 ("The plaintiffs have consistently and insistently maintained that this case should be remanded to state court. We conclude that the plaintiffs' attempt to preserve the timeliness of any possible future discovery cannot be equated with a waiver of their right to object to removal."). Defendant's position is rejected.

Defendant relies on several cases outside this Court's jurisdiction that are not binding and are also distinguishable. In Lanier, the removal was untimely and plaintiff sought to amend the complaint and filed a new lawsuit against defendant in federal court in addition to proceeding with discovery before remand was sought. Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 905 (6th Cir. 1988). In Johnson, plaintiff engaged in discovery and did not seek a remand on a jurisdictional defect because counsel was on vacation and plaintiff would have been "better served by a more knowledgeable and diligent attorney", but he was not. Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 n.2 (5th Cir. 1990). Harris is distinguishable because plaintiff failed to "promptly" object to defects in the petition for removal. Harris v. Edward

Hyman Co., 664 F.2d 943, 944 (5th Cir. Dec. 28, 1981). In the other Johnson case, plaintiff did not object to removal until one year later. Johnson v. Odeco Oil & Gas Co., 679 F. Supp. 604, 605 (E.D. La. 1987), aff'd Johnson v. Odeco Oil & Gas Co., 864 F.2d 40 (5th Cir. 1989). None of these cases support a conclusion other than remand. It is clear that removal was not proper in this case, and the case is due to be remanded.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Defendant is the only defendant in this case, and there are no issues of fraudulent joinder. Defendant was served with process before removal of the case, and no non-forum defendants were involved. The Court would entertain a request for fees, expenses, and costs.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #11) is **GRANTED**. The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier

County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further directed to terminate all pending motions and deadlines, and to close the case.

3. If plaintiff wishes to seek costs, expenses, and/or attorney's fees for the removal of the case, such motion with detailed billing records related to the filing of the motion to remand must be filed within **FOURTEEN (14) DAYS** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record